IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN R. DEWITT,
    Petitioner,

vs.                                                         Case No.: 4:17cv431/MW/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner is challenging a criminal judgment entered in the Circuit Court in and for Leon County, Florida, Case No. 2007-CF-1357 (*id.* at 1). He asserts two claims of ineffective assistance of counsel, based upon trial counsel's failure to present testimony of two individuals, Cedric Bell and Ernestine Hayes (*id.* at 5, 7). Petitioner indicates that he previously filed a § 2254 petition in this court challenging the same state judgment, Case No. 4:15cv433/MW/CAS, and Petitioner states that a Report and Recommendation was entered in that case on August 7, 2017 (*see id.* at 9).

The docket of Case No. 4:15cv433/MW/CAS indicates that on August 7, 2017, the Magistrate Judge entered a Report and Recommendation on Petitioner's § 2254 petition (filed on October 19, 2015), and Petitioner's supplement and amendment of

the petition (filed on May 21, 2017 and June 4, 2017). *See* Dewitt v. State of Florida, 4:15cv433/MW/CAS, Report and Recommendation, ECF No. 44 (N.D. Fla. Aug. 7, 2017). After entry of the Report and Recommendation, Petitioner again sought to amend or supplement his § 2254 petition. *See id.*, ECF Nos. 47, 48. On September 7, 2017, the Magistrate Judge entered a Recommended Order recommending that the motion be denied. *See id.*, ECF No. 54. Petitioner then sought to voluntarily dismiss his § 2254 petition on the ground that he wished to file a second § 2254 petition to raise three claims that had not been presented in his pending § 2254 petition. *See id.*, ECF No. 56. On September 19, 2017, the Magistrate Judge entered a Recommendation Order recommending that Petitioner's motion to voluntarily dismiss be denied. *See id.*, ECF No. 57. Petitioner filed another motion to voluntarily dismiss his habeas petition, in which he requested that he be permitted to file a second § 2254 petition. *See id.*, ECF No. 58. The same day, Petitioner filed the instant § 2254 petition. The clerk of court assigned a new case number and referred the petition to the undersigned.

It appears that Petitioner may have intended that the instant § 2254 petition be filed as an attachment to his most recent motion to voluntarily dismiss filed in Case No. 4:15cv433/MW/CAS, since the documents appear to have been mailed in the same envelope, and Petitioner references a second § 2254 petition in his motion to

voluntarily dismiss. Or Petitioner may have filed the instant § 2254 petition in an attempt to circumvent the Magistrate Judge's rulings in Case No. 4:15cv433/MW/CAS. Under either scenario, it is appropriate to dismiss this case and direct the clerk of court file a copy of the instant § 2254 petition as an attachment to Petitioner's pending motion to voluntarily dismiss in his still-pending habeas case, Case No. 4:15cv433/MW/CAS.

Accordingly, it is **ORDERED**:

The clerk of court shall file the instant § 2254 petition as an attachment to Petitioner's pending motion to voluntarily dismiss filed in Case No. 4:15cv433/MW/CAS.

And it is respectfully **RECOMMENDED**:

That this habeas case be **DISMISSED**.

At Pensacola, Florida, this 2nd day of October 2017.

　　　　　　　　　　　　　　　*/s/ Elizabeth M. Timothy*
　　　　　　　　　　　　　　　**ELIZABETH M. TIMOTHY**
　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**